**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Ave., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
NICOLE JONES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JONES,<br><br>          Plaintiff,<br><br>     vs.<br><br>NATIONWIDE DEBT<br>MANAGEMENT SOLUTIONS, LLC,<br><br>          Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF<br>    THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## **INTRODUCTION**

1.      Nicole Jones (Plaintiff) brings this action to secure redress from National Recovery Solutions, LLC (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Plaintiff also brings this

- 1 -

action to secure redress from Defendant for violations of the Rosenthal Fair Debt
Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as
Plaintiff's claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because
the acts and transactions alleged in this Complaint originated here as Defendant is
located and transacts business here.

## PARTIES

4.      Plaintiff is an individual, residing in Delaware.   Plaintiff is a natural
person from whom a debt collector seeks to collect a consumer debt which is due
and owing or alleged to be due and owing.

5.       Defendant is a limited liability company engaged in the business of
collecting debts in this state and in several other states, with its principal place of
business located Sacramento, California.  The principal purpose of Defendant is
the collection of debts in this state and several other states, and Defendant
regularly attempts to collect debts alleged to be due another.

6.      Defendant is engaged in the collection of debts from consumers using
the mail and telephone.  Defendant regularly attempts to collect debts alleged to
be due another and Defendant is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

7.      Within one year prior to the filing of this action, Defendant contacted
Plaintiff to collect money, property or their equivalent, due or owing or alleged to
be due or owing from a natural person by reason of a consumer credit transaction
and/or "consumer debt."

8.      At all times relevant to this action, Defendant owned, operated and/or
controlled telephone number (888) 414-0765.  At all times relevant to this action,

Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

9.      Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's telephone number ending in 0188.

10.      Specifically, Defendant began contacting Plaintiff seeking and demanding payment for the alleged debt in or around February of 2014.

11.      Plaintiff has answered several of Defendant's calls and advised that she is unable to make payment on the alleged debt due to personal financial circumstances.

12.      Notwithstanding, Defendant has continued to place its collection calls to Plaintiff's telephone seeking to collect the alleged debt and/or communicate with Plaintiff.

13.      Further, Defendant has threatened Plaintiff that her continued inability to pay the alleged debt will result in immediate litigation and garnishment of any wages Plaintiff and/or her husband are currently earning.

14.      What is more, Defendant's threats took place in or around April of 2014, yet, to date, Defendant has not acted out on such threats to sue and/or garnish Plaintiff, thus establishing that Defendant did not possess nor currently possesses any intention or ability to sue or garnish Plaintiff.

15.      As a result, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff as Defendant.

16.       As a result, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

COMPLAINT FOR DAMAGES

17.     Also, on at least two (2) occasions, Defendant's agent "Jessica" called and left Plaintiff voicemail messages requesting return calls to her at (888) 414-0763 ext. 211.  During these two (2) messages, "Jessica", failed to advise Plaintiff that Defendant was a debt collector.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

(a)     Defendant violated §1692d by engaging in conduct the natural consequence is the abuse, annoyance or harassment of Plaintiff;

(b)     Defendant violated §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(c)     Defendant violated *§1692e* of the FDCPA by utilizing false and deceptive practices in connection with collection of the alleged debt;

(d)     Defendant violated *§1692e(4)* by making the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(e)     Defendant violated *§1692e(5)* by making the threat to take any action that cannot legally be taken or that is not intended to be taken; and

(f)     Defendant violated *§1692e(10)* by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

COMPLAINT FOR DAMAGES

(g)     Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the voicemail message that Defendant was a debt collector and/or that the Defendant was attempting to collect a debt.

20.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

24.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

COMPLAINT FOR DAMAGES

25.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA and RFDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b)    Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) pursuant to CAL. CIV. CODE § 1788.30(b); and

(c)    Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

(d)    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2015        **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

- 6 -

COMPLAINT FOR DAMAGES